WALTON.

CARMICHAEL
*v.*
PENDLETON
and Another.

*•—»•◉◑◄◄◄•*

## IN CLARK SUPERIOR COURT.

## BARNETT *vs.* The JUSTICES and TOTLY & Co.

### *Certiorari.*

THE petition and return of the Justices in this case, showed that a quantity of leather and shoes had been levied on as the property of one Silas Crawford by virtue of *fi. fas.* from a Justice's Court, in favor of John Totly and Co.—that the property was claimed by William B. Barnett in terms of the law.—There was a trial before a jury, who found half of the property subject, the question of liability turning on the fact whether Crawford and Barnett were partners in the shoe-making business. Considerable evidence as to this fact was given in by both parties. In addition to circumstances given in evidence, the articles of agreement between Crawford and Barnett were also given in evidence. Some grounds of error in the court below are taken in consequence of the rejection by the court of the award of arbitrators, which it was pleaded or alleged had been made by them in an arbitration, submitted to by the parties before that time, of the same subject-matter of dispute.

A *certiorari* was granted and sustained upon the ground that the Justices' Court had misinterpreted the legal effect of certain articles of agreement introduced in evidence before it.

*Per Curiam.* It will not be necessary to consider the errors assigned with regard to the rejection of any evidence by the Justices, as the other ground must be considered as sufficient to sustain the *certiorari.* Whether this agreement between Barnett and Crawford, strictly speaking, constitutes a copartnership or not, need not be determined; for if taken as constituting one, such copartnership must be controlled in its terms by the written agreement, between the parties to it. In the return of the Justices in this case, the agreement, or the part they considered material to the case, is set forth in these words.—"That Crawford was to have no interest in the shoes until they were sold, and then at the expiration of each year he was to have half the profits." If then this condition in this agreement is to be effective, and in any manner subserve the intentions of the parties, the shoes must be protected from Crawford's control; indeed he is declared to have no in-

CLARK.

BARNETT
v.
The JUSTICES
and Others.

terest in them, and if so, none can be levied on as his. In giving effect to this agreement, a remedy is not taken from Crawford's creditors to get their money, as a garnishment of Barnett before the profits were divided, would reach Crawford's share of them. The shoes cannot be legally levied on as Crawford's.

The *certiorari* must be sustained, and the levy in the court below dismissed.